In the Matter of HERBERT JOFFEE, Petitioner, against UNITED VETERANS MUTUAL HOUSING COMPANY, Respondent.

Supreme Court, Special Term, Kings County, December 7, 1951, on reargument, December 28, 1951.

*Saul H. Wolf* for petitioner.

*De Maria & Garahan* for respondent.

KEOGH, J. This is an application for an order pursuant to article 78 of the Civil Practice Act declaring null and void and in contravention of the Public Housing Law of the State of New York, the selection-of-tenants policy of the respondent. The following questions are presented:

1. Does the Commissioner of Housing under section 182 of the Public Housing Law, have the authority to direct a limited dividend co-operative housing company to select from among eligible applicants on its waiting list only those with the lowest qualifying income, irrespective of their date of filing?

2. Where an applicant's income is below the maximum, provided by law, may the housing commissioner review the discretion of the housing company in selecting tenants?

The "Public Housing Commissioner" has not been joined as a party to this proceeding and there is nothing in the petition or in the answer thereto which indicates in any way that any decision of his is sought to be reviewed, except as above stated.

In its answer respondent pleads affirmatively, " that the corporation accepted applications, including the application of the petitioner herein and that within the provisions of the Public Housing Law it exercised its right to choose those applicants who best fitted the policy of the corporation."

This method was outlined in a letter sent by the respondent to the petitioner as follows:

" The policy of the housing company with regard to applicants has been to provide housing where possible to those persons who are eligible for the same in accordance with the need as indicated by the applicant's income.

" This means that where more than one eligible applicant is awaiting an apartment and a vacancy occurs, the applicant earning the lesser income consistent with the security of the corporation will be given preference. Your position on the waiting list will vary as other eligible applicants having a lesser income appear."

In chartering the respondent corporation for a special purpose, and according to it special rights and privileges, the Legislature had the power to specify conditions to which it was to adhere. To such extent respondent, as a landlord, has surrendered its common-law rights as such. Petitioner has not indicated in his papers or in his argument, nor has the attention of the court otherwise been directed to, any condition or requirement of the law which deprives respondent as a landlord of its common-law right to select its tenants, provided it makes the choice from among that group to which the statute accords a preference generally.

Granting that the statute is to be construed so as to effectuate the public policy purpose for which it was designed, such construction must also be within its plain terms since it is in derogation of the common-law right of a landlord freely to select his tenants, a principle which petitioner concedes, as stated in the case of *Alsberg* v. *Lucerne Hotel Co.* (40 Misc. 617, 618) cited by him.

It would appear that there is much to be said for petitioner's argument that, among a group of qualified applicants, selection should be made on the basis of " first come, first served ", but if such a requirement is to be made, it falls within the legislative scope. The courts may apply the law only as they find it.

Accordingly, the petition is dismissed. Submit order.

(On reargument, December 28, 1951.)

This is an application for reargument of an application for an order pursuant to article 78 of the Civil Practice Act declaring null and void and in contravention of the Public Housing Law of the State of New York, the selection-of-tenants policy of the respondent. Application for reargument granted and memorandum opinion modified to the extent that the "Public Housing Commissioner" is deemed now to be a party to this proceeding in that it was stated that he had been served although he did not appear at the argument of the original application. Such appearance is permissive (Public Housing Law, § 15). As matter of fact it is the determination of said commissioner as applied by the respondent within, that is sought to be reviewed.

The petitioner, a veteran, qualifies and has applied as a tenant in the respondent's project, having done the necessary, such as depositing the required down payment in connection with the purchase of what might be described as a co-operative apartment. He has not been accepted as a tenant for the reason that when there has been a vacancy for an apartment, the size of which he has applied for, there have been other applicants who, although applied at a later date, have been accepted because their annual income was less than that of the petitioner. This has been due to the determination of the commissioner who applies not the "first come, first served" formula but rather an "income" formula.

This court finds that not only is such determination not unreasonable, capricious or arbitrary, but is in conformity with the legislation covering the very important problem of furnishing adequate housing facilities.

The original State Housing Law contained this legislative finding: "It is hereby declared that congested and unsanitary housing conditions which exist in certain areas of the state in low priced dwellings are a menace to the health, safety, morals, welfare and reasonable comfort of the citizens of the state. The correction of these conditions in such areas being now otherwise impossible, it is essential that provision be made for the investment of private funds at low interest rates, the acquisition at fair prices of adequate parcels of land, the gradual demolition of existing unsanitary and unsafe housing and the construction of new housing facilities under public supervision in accord with proper standards of sanitation and safety and at a cost which will permit monthly rentals which

*wage earners* can afford to pay and not in excess of the rates hereinafter provided. Therefore, there are created and authorized the agencies and instrumentalities hereinafter prescribed, which are declared to be the agencies and instrumentalities of the state for the purpose of attaining the ends herein recited, and their necessity in the public interest is hereby declared as a matter of legislative determination.'' (L. 1926, ch. 823, § 2. Emphasis supplied.)

The law did not define '' wage earners '', but it gave, in general terms, powers of supervision and control of the operations of limited dividend housing companies to the Board of Housing (L. 1926, ch. 823, as amd., § 13; § 15, subds. 2, 7).

Pursuant to the statutory authorization cited above, the Board of Housing on March 8, 1934, promulgated the following regulation: *'' Low Income Preference.* In passing upon applications a Corporation shall grant preference to families of low income.'' (Regulations Governing Applications for Apartment Leases, Section 6.)

In 1936, when the first general compilation of the rules and regulations of the Board of Housing was made, section 31 of said regulations read as follows: '' Section 31. Low Income Preference. In passing upon applications the Corporation shall grant preference to families of low income and to families with children. The Corporation shall limit approval to families in which the maximum household income is not in excess of approximately five times the annual rental. On renewal of existing leases the Corporation shall review the income of applicant families '' (fols. 405, 406).

The Legislature having indicated a desire to aid wage earners and the original Board of Housing having stated that a preference should be given to families of low income, it is consistent with such that the Commissioner of Housing should state that as among two eligible families the one with the lower income should be preferred. He has power so to rule under subdivision 7 of section 181 of the Public Housing Law.

The court is sympathetic to the petitioner and volunteers the suggestion that similar application might be made for an apartment in '' Ridgewood Houses '' and/or '' Electchester '' in order to obtain the end result desired by petitioner.

Accordingly, the prior determination to dismiss the petition is adhered to. Submit order.